# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BUTERA, | CASE NO. CV F 09-1677 LJO SMS |
| Plaintiff, | **ORDER ON COUNTRYWIDE DEFENDANTS' F.R.Civ.P. 12 MOTION TO DISMISS** |
| vs. | (Doc. 7.) |
| COUNTRYWIDE HOME LOANS, INC., et al, | |
| Defendants. | |

## INTRODUCTION

Several defendants[1] seek to dismiss as meritless and barred by law and equity Mr. Butera's claims arising from his defaulted loan to refinance his Modesto residence ("property"). Mr. Butera filed no papers to oppose dismissal of his claims. This Court considered defendants' F.R.Civ.P. 12(b)(6) motion on the record and VACATES the November 4, 2009 hearing, pursuant to Local Rule 78-230(c), (h). For the reasons discussed below, this Court DISMISSES this action against defendants.

---

[1] Defendants Countrywide Home Loans, Inc. ("Countrywide"), Mortgage Electronic Registration Systems, Inc. ("MERS") and ReconTrust Company, N.A. ("ReconTrust") challenge plaintiff Anthony Butera's ("Mr. Butera's") claims by their F.R.Civ.P. 12(b)(6) motion. Countrywide, MERS and ReconTrust will be referred to collectively as "defendants." Mr. Butera also pursues claims against defendant Fidelity National Title Co. ("Fidelity National") which has not appeared in this action.

1

# BACKGROUND

## Mr. Butera's Refinance Loan And Default

Mr. Butera executed an April 15, 2005 Adjustable Rate Note ("note") payable in the amount of $372,000 to Clarion Mortgage Capital, Inc. ("Clarion") to refinance the property. Clarion secured the note with an April 15, 2005 Deed of Trust ("DOT") encumbering the property. The DOT identifies Mr. Butera as borrower, Clarion as lender, Fidelity National as Trustee, and MERS as beneficiary.[2]

After Mr. Butera's loan closed, Countrywide acquired the loan's servicing rights.

Mr. Butera defaulted on the loan, and Countrywide initiated foreclosure of the property.

## Mr. Butera's Claims

On June 24, 2009, Mr. Butera filed his original verified complaint ("complaint") in Stanislaus County Superior Court prior to defendants' removal to this Court. The complaint appears to take issue with the origination of Mr. Butera's loan and alleges a "predatory loan scheme" to "lend more money than the borrower can afford to pay," to pressure the borrower "to accept higher-risk loans," and to strip "homeowners' equity . . . by convincing him to refinance again and again." The complaint alleges claims, which this Court will address below, and seeks a declaration that "defendants hold no interest" in the property, rescission of "the underlying mortgage contracts and deeds of trust," an injunction to prohibit the contemplated foreclosure/trustee's sale and from evicting plaintiff, and special and punitive damages.

# DISCUSSION

## F.R.Civ.P. 12(b)(6) Motion Standards

Defendants attack the complaint's claims as "precluded by law" and for failure "to satisfy the tender rule" and "to allege the requisite elements."

F.R.Civ.P. 8 requires a plaintiff to "plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima

---

[2] Defendants note that MERS is a registry for servicer and investor interests in residential mortgage loans and serves in a nominal capacity for its members as the mortgagee named in the mortgage and public land records. Defendants point out that MERS "is not a bank or lender of any kind," "has not made or serviced a loan for Mr. Butera, and has no responsibility for the allegations of the complaint." Defendants attribute Countrywide, not MERS, to service Mr. Butera's loan.

facie case." *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000).

A F.R.Civ.P. 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set forth in the complaint. "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

In resolving a F.R.Civ.P. 12(b)(6) motion, the court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996). Nonetheless, a court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 765, 767 (8th Cir. 2003) (citation omitted). A court need not permit an attempt to amend a complaint if "it determines that the pleading could not possibly be cured by allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562, 127 S.Ct. at 1969 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d

1101, 1106 (7th Cir. 1984)).

In *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937,1949 (2009), the U.S. Supreme Court recently explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.
>
> . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. (Citation omitted.)

Moreover, a limitations defense may be raised by a F.R.Civ.P. 12(b)(6) motion to dismiss. *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980); *see Avco Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir. 1982), *cert. denied*, 459 U.S. 1037, 103 S.Ct. 450 (1982). A F.R.Civ.P. 12(b)(6) motion to dismiss may raise the limitations defense when the statute's running is apparent on the complaint's face. *Jablon*, 614 F.2d at 682. If the limitations defense does not appear on the complaint's face and the trial court accepts matters outside the pleadings' scope, the defense may be raised by a motion to dismiss accompanied by affidavits. *Jablon*, 614 F.2d at 682; *Rauch v. Day and Night Mfg. Corp.*, 576 F.2d 697 (6th Cir. 1978).

For a F.R.Civ.P. 12(b)(6) motion, a court generally cannot consider material outside the complaint. *Van Winkle v. Allstate Ins. Co.*, 290 F.Supp.2d 1158, 1162, n. 2 (C.D. Cal. 2003). Nonetheless, a court may consider exhibits submitted with the complaint. *Van Winkle*, 290 F.Supp.2d at 1162, n. 2. In addition, a "court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). A court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir.2003). Such consideration prevents "plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting reference to documents upon which their claims are

/ / /

/ / /

/ / /

based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998).[3]   A "court may disregard allegations in the complaint if contradicted by facts established by exhibits attached to the complaint." *Sumner Peck Ranch v. Bureau of Reclamation*, 823 F.Supp. 715, 720 (E.D. Cal. 1993) (citing *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir.1987)).  Moreover, "judicial notice may be taken of a fact to show that a complaint does not state a cause of action." *Sears, Roebuck & Co. v. Metropolitan Engravers, Ltd.*, 245 F.2d 67, 70 (9th Cir. 1956); *see Estate of Blue v. County of Los Angeles*, 120 F.3d 982, 984 (9th Cir. 1997).  A court properly may "'take judicial notice of matters of public record outside the pleadings'" and consider them for purposes of the motion to dismiss." *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988) (citation omitted).  As such, this Court may consider plaintiffs' pertinent loan and foreclosure documents.

**Rescission**

The complaint's first claim is entitled "Rescission and/or Reformation of Contract" and alleges that defendants "used misrepresentation and deceit, to lull borrowers into real estate mortgage loans by steering them into such loans that have low teaser adjustable interests [sic] rates only and negative amortization that quickly raise the monthly payments to an amount beyond the borrowers' capacities to pay." The rescission/reformation claim "offers to restore Defendants the subject property in return for defendants' return to plaintiff all monies paid to defendants in connection with the placement of the loans, service of the loans, loan payments made, improvements made to the property and other costs and expenses plaintiff has incurred in the maintenance and upkeep of the subject property."

*Failure To Tender*

Defendants challenge the rescission/reformation claim's failure to allege that Mr. Butera "tendered the amount due on the loan, which serves to bar almost all of his claims." Defendants note that to maintain a challenge to a foreclosure sale, "the borrower must actually pay, or offer to pay the entire loan amount prior to the sale."

"A tender is an offer of performance made with the intent to extinguish the obligation." *Arnolds*

---

[3] "We have extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (citing *Parrino*, 146 F.3d at 706).

5

*Management Corp. v. Eischen*, 158 Cal.App.3d 575, 580, 205 Cal.Rptr. 15 (1984) (citing Cal. Civ. Code, § 1485; *Still v. Plaza Marina Commercial Corp.,* 21 Cal.App.3d 378, 385, 98 Cal.Rptr. 414 (1971). "A tender must be one of full performance . . . and must be unconditional to be valid." *Arnolds Management*, 158 Cal.App.3d at 580, 205 Cal.Rptr. 15.

A defaulted borrower is "required to allege tender of the amount of [the lender's] secured indebtedness in order to maintain any cause of action for irregularity in the sale procedure." *Abdallah v. United Savings Bank*, 43 Cal.App.4th 1101, 1109, 51 Cal.Rptr.2d 286 (1996), *cert. denied*, 519 U.S. 1081, 117 S.Ct. 746 (1997). In *FPCI RE-HAB 01 v. E & G Investments, Ltd.*, 207 Cal.App.3d 1018, 1021, 255 Cal.Rptr. 157 (1989), the California Court of Appeal has explained:

> . . . generally "an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security." . . . . This rule . . . is based upon the equitable maxim that a court of equity will not order a useless act performed. . . . "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." . . . The rationale behind the rule is that if plaintiffs could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the plaintiffs. (Citations omitted.)

An action to set aside a foreclosure sale, unaccompanied by an offer to redeem, does not state a cause of action which a court of equity recognizes. *Karlsen v. American Sav. & Loan Assn.*, 15 Cal.App.3d 112, 117, 92 Cal.Rptr. 851 (1971). The basic rule is that an offer of performance is of no effect if the person making it is not able to perform. *Karlsen*, 15 Cal.App.3d at118, 92 Cal.Rptr. 851 (citing Cal. Civ. Code, § 1495.) Simply put, if the offeror "is without the money necessary to make the offer good and knows it" the tender is without legal force or effect. *Karlsen*, 15 Cal.App.3d at118, 92 Cal.Rptr. 851 (citing several cases).

Moreover, to obtain "rescission or cancellation, the rule is that the complainant is required to do equity, as a condition to his obtaining relief, by restoring to the defendant everything of value which the plaintiff has received in the transaction. . . . The rule applies although the plaintiff was induced to enter into the contract by the fraudulent representations of the defendant." *Fleming v. Kagan*, 189 Cal.App.2d 791, 796, 11 Cal.Rptr. 737 (1961). "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." *Karlsen,* 15 Cal.App.3d at 117, 92 Cal.Rptr. 851.

"The rules which govern tenders are strict and are strictly applied." *Nguyen v. Calhoun*, 105 Cal.App.4th 428, 439, 129 Cal.Rptr.2d 436 (2003). "The tenderer must do and offer everything that is necessary on his part to complete the transaction, and must fairly make known his purpose without ambiguity, and the act of tender must be such that it needs only acceptance by the one to whom it is made to complete the transaction." *Gaffney v. Downey Savings & Loan Assn.,* 200 Cal.App.3d 1154, 1165, 246 Cal.Rptr. 421 (1988).

The absence of an allegation of ability to tender amounts owed dooms the rescission/reformation claim. Mr. Butera's inability to make monthly note payments reflects inability to tender amounts owed to bar Mr. Butera's requested rescission relief. Challenging foreclosure is useless to render the rescission/reformation claim meritless and subject to dismissal.

### *Unjust Remedy*

Defendants further challenge rescission because the complaint's allegations address lender Clarion, not defendants. Defendants note that rescission is not available "to the extent relief is sought against the party who committed or participated in the misconduct alleged to warrant rescission." "[W]hen the rights of others have intervened and circumstances have so far changed that rescission may not be decreed without injury to those parties and their rights, rescission will be denied and the complaining party left to his other remedies." *Gill v. Rich*, 128 Cal.App.4th 1254, 1265, 28 Cal.Rptr.3d 52 (2005) (internal quotation marks omitted). "[T]here can be no rescission where the rights of third parties would be prejudiced." *Gill*, 128 Cal.App.4th at 1265, 28 Cal.Rptr.3d 52 (internal quotation marks omitted) (plaintiff not entitled to rescission because such relief would be unjust given that none of the defendants subject to rescission relief were involved in the fraud and when rescission would severely prejudice defendants' rights).

Defendants are correct that their rights have intervened to preclude Mr. Butera to rescind the note and DOT. Defendants committed none of the wrongs which support Mr. Butera's rescission claim. Lender Clarion committed the alleged wrongs underlying Mr. Butera's rescission claim. The complaint fails to allege that defendants knew or had notice of Clarion's alleged wrongs. Mr. Butera fails to demonstrate rescission is available given that if rescission were awarded, the interests of defendants, non-parties to Mr. Butera's loan, would be severely prejudiced. Unjust prejudice to defendants further

7

warrants dismissal of the rescission claim.

*Failure To Restore*

Defendants further challenge the rescission claim based on Mr. Butera's failure to satisfy California Civil Code section 1691 which requires a party seeking rescission to "[r]estore to the other party everything of value which he has received from him under the contract or offer to restore the same upon condition that the other party do likewise, unless the latter is unable or positively refuses to do so." "The consequence of rescission is . . . the restoration of the parties to their former positions by requiring each to return whatever consideration has been received." *Imperial Casualty & Indemnity Co. v. Sogomonian,* 198 Cal.App.3d 169, 184, 243 Cal.Rptr. 639 (1988).

Defendants note that the complaint "pretends to fulfill the restoration requirement" by alleging that Mr. Butera "offers to restore to Defendants the subject property in return for defendants' return to plaintiff all monies paid to defendants in connection with the placement of the loans, service of the loans, loan payments made, improvements made to the property and other costs and expenses plaintiff has incurred in the maintenance and upkeep of the subject property."

Defendants are correct that Mr. Butera's "offer" is invalid and pursues a windfall by seeking all monies defendants received "in connection with" Mr. Butera's loan. The rescission claim seeks to rob defendants of their profits from servicing the loan. Moreover, the complaint fails to allege facts to restore defendants to their former position. Mr. Butera has not offered to return the $372,000 he received under the note. Offering to surrender the property does not satisfy the restoration requirement of California Civil Code section 1691 to further warrant dismissal of the rescission claim.

**Reformation**

Defendants note that the complaint's first claim references reformation as a remedy without alleging facts to satisfy reformation "requisites."

"A complaint for the reformation of a contract should allege what the real agreement was, what the agreement as reduced to writing was, and where the writing fails to embody the real agreement. It is also necessary to aver facts showing how the mistake was made, whose mistake it was and what brought it about, so that mutuality may appear." *Lane v. Davis*, 172 Cal.App.2d 302, 309, 342 P.2d 267 (1959).

The complaint's failure to allege reformation elements dooms reformation relief and further warrants dismissal of the complaint's first claim.

### Fraud

The complaint's second claim is entitled "Fraud, Deceit and Misrepresentation" and alleges that defendants "committed fraud and deceit by not providing the proper disclosures in this case since the plaintiff is a lay person-homeowner." The claim further alleges that Mr. Butera "was misled deliberately into believing that he was entering into predatory loans with much lower interest rate than was actually imposed."

Defendants fault the claim's "legally deficient" allegations and failure to allege defendants' misrepresentations.

The elements of a California fraud claim are: (1) misrepresentation (false representation, concealment or nondisclosure); (2) knowledge of the falsity (or "scienter"); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage. *Lazar v. Superior Court*, 12 Cal.4th 631, 638, 49 Cal.Rptr.2d 377 (1996). The same elements comprise a cause of action for negligent misrepresentation, except there is no requirement of intent to induce reliance. *Caldo v. Owens-Illinois, Inc.*, 125 Cal.App.4th 513, 519, 23 Cal.Rtpr.3d 1 (2004).

F.R.Civ.P. 9(b) requires a party to "state with particularity the circumstances constituting fraud."[4] In the Ninth Circuit, "claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirements." *Neilson v. Union Bank of California, N.A.*, 290 F.Supp.2d 1101, 1141 (C.D. Cal. 2003). A court may dismiss a claim grounded in fraud when its allegations fail to satisfy F.R.Civ.P. 9(b)'s heightened pleading requirements. *Vess*, 317 F.3d at 1107. A motion to dismiss a claim "grounded in fraud" under F.R.Civ.P. 9(b) for failure to plead with particularity is the "functional equivalent" of a F.R.Civ.P. 12(b)(6) motion to dismiss for failure to state a claim. *Vess*, 317 F.3d at 1107. As a counter-balance, F.R.Civ.P. 8(a)(2) requires from a pleading "a short and plain statement of

---

[4] F.R.Civ.P. 9(b)'s particularity requirement applies to state law causes of action: "[W]hile a federal court will examine state law to determine whether the elements of fraud have been pled sufficiently to state a cause of action, the Rule 9(b) requirement that the *circumstances* of the fraud must be stated with particularity is a federally imposed rule." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003) (quoting *Hayduk v. Lanna*, 775 F.2d 441, 443 (1st Cir. 1995)(italics in original)).

9

the claim showing that the pleader is entitled to relief."

F.R.Civ.P. 9(b)'s heightened pleading standard "is not an invitation to disregard Rule 8's requirement of simplicity, directness, and clarity" and "has among its purposes the avoidance of unnecessary discovery." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). F.R.Civ.P. 9(b) requires "specific" allegations of fraud "to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). "A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." *Neubronner v. Milken*, 6 F.3d 666, 671-672 (9th Cir. 1993) (internal quotations omitted; citing *Gottreich v. San Francisco Investment Corp.*, 552 F.2d 866, 866 (9th Cir. 1997)). The Ninth Circuit Court of Appeals has explained:

> Rule 9(b) requires particularized allegations of the circumstances *constituting* fraud. The time, place and content of an alleged misrepresentation may identify the statement or the omission complained of, but these circumstances do not "constitute" fraud. The statement in question must be false to be fraudulent. Accordingly, our cases have consistently required that circumstances indicating falseness be set forth. . . . [W]e [have] observed that plaintiff must include statements regarding the time, place, and *nature* of the alleged fraudulent activities, and that "mere conclusory allegations of fraud are insufficient." . . . The plaintiff must set forth what is false or misleading about a statement, and why it is false. In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading. . . .
>
> In certain cases, to be sure, the requisite particularity might be supplied with great simplicity.

*In Re Glenfed, Inc. Securities Litigation*, 42 F.3d 1541, 1547-1548 (9th Cir. 1994) (en banc) (italics in original) *superseded by statute on other grounds as stated in Marksman Partners, L.P. v. Chantal Pharm. Corp.*, 927 F.Supp. 1297 (C.D. Cal. 1996); *see Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997) (fraud allegations must be accompanied by "the who, what, when, where, and how" of the misconduct charged); *Neubronner*, 6 F.3d at 672 ("The complaint must specify facts as the times, dates, places, benefits received and other details of the alleged fraudulent activity.")

As to multiple fraud defendants, a plaintiff "must provide each and every defendant with enough information to enable them 'to know what misrepresentations are attributable to them and what fraudulent conduct they are charged with.'" *Pegasus Holdings v. Veterinary Centers of America, Inc.*, 38 F.Supp.2d 1158, 1163 (C.D. Ca. 1998) (quoting *In re Worlds of Wonder Sec. Litig.*, 694 F.Supp.

1427, 1433 (N.D. Ca. 1988)). "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but 'require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764-765 (9th Cir. 2007) (quoting *Haskin v. R.J. Reynolds Tobacco Co.*, 995 F.Supp. 1437, 1439 (M.D. Fla. 1998)). "In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, 'identif[y] the role of [each] defendant[] in the alleged fraudulent scheme." *Swartz*, 476 F.3d at 765 (quoting *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989)).

Moreover, in a fraud action against a corporation, a plaintiff must "allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Tarmann v. State Farm Mut. Auto. Ins. Co.,* 2 Cal.App.4th 153, 157, 2 Cal.Rptr.2d 861 (1991).

"[T]o establish a cause of action for fraud a plaintiff must plead and prove in full, factually and specifically, all of the elements of the cause of action. *Conrad v. Bank of America*, 45 Cal.App.4th 133, 156, 53 Cal.Rptr.2d 336 (1996). There must be a showing "that the defendant thereby intended to induce the plaintiff to act to his detriment in reliance upon the false representation" and "that the plaintiff actually and justifiably relied upon the defendant's misrepresentation in acting to his detriment." *Conrad*, 45 Cal.App.4th at 157, 53 Cal.Rptr.2d 336.

"Additionally, to establish fraud through nondisclosure or concealment of facts, it is necessary to show the defendant 'was under a legal duty to disclose them.'" *OCM Principal Opportunities Fund v. CIBC World Mkts. Corp.*, 157 Cal.App.4th 835, 845, 68 Cal.Rptr.3d 828 (2007) (quoting *Lingsch v. Savage,* 213 Cal.App.2d 729, 735, 29 Cal.Rptr. 201 (1963).

The complaint fails to allege fraud elements and that defendants engaged in fraud. The fraud claim does not target defendants who had no duty to disclose loan matters. Moreover, the complaint is severely lacking and fails to satisfy F.R.Civ.P. 9(b) "who, what, when, where and how" requirements. The complaint makes no effort to allege specific misrepresentations or names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written. The complaint lumps all defendants without differentiating them.

11

The fraud allegations do not target particular defendants, other than perhaps lender Clarion, and the complaint's global approach is unsatisfactory. The fraud claim's deficiencies are so severe to suggest no potential improvement from an attempt to amend.

### California Civil Code Section 2923.6

The complaint's third claim alleges that "defendants ignored, failed and refused to work-out and accept subject loans modified" in apparent violation of California Civil Code section 2923.6 ("section 2923.6").

Defendants fault the claim in absence of a requirement "to offer, let alone approve, loan modifications." Section 2923.6(b) notes the Legislature's intent that a mortgagee "offer the borrower a loan modification or workout plan if such modification or plan is consistent with it contractual or other authority." "[N]othing in Cal. Civ.Code § 2923.6 imposes a duty on servicers of loans to modify the terms of loans or creates a private right of action for borrowers." *Farner v. Countrywide Home Loans*, 2009 WL 189025, at *2 (2009).

The complaint fails to substantiate a cognizable section 2923.6 claim.

### Wrongful Foreclosure And Eviction

The complaint's fourth claim alleges that "the threatened trustee's sale would be conducted wrongfully and prematurely" in absence of defendants' "right to foreclose." The complaint's fifth claim alleges that "defendants' threatened and contemplated eviction of herein plaintiff from his residential home must necessarily be likewise wrongful, improper and unlawful."

Defendants correctly attack the fourth and fifth claims' failure to satisfy the tender rule discussed above. Since the claims seek equitable relief, the tender rule applies to defeat the claims.

Defendants note the absence of a cognizable "wrongful threatened foreclosure" claim.

"Financing or refinancing of real property is generally accomplished in California through a deed of trust. The borrower (trustor) executes a promissory note and deed of trust, thereby transferring an interest in the property to the lender (beneficiary) as security for repayment of the loan." *Bartold v. Glendale Federal Bank,* 81 Cal.App.4th 816, 821, 97 Cal.Rptr.2d 226 (2000). A deed of trust "entitles the lender to reach some asset of the debtor if the note is not paid." *Alliance Mortgage Co. v. Rothwell,* 10 Cal.4th 1226, 1235, 44 Cal.Rptr.2d 352 (1995).

If a borrower defaults on a loan and the deed of trust contains a power of sale clause, the lender may non-judicially foreclose. *See McDonald v. Smoke Creek Live Stock Co.*, 209 Cal. 231, 236-237, 286 P. 693 (1930). The California Court of Appeal has explained non-judicial foreclosure under California Civil Code sections 2924-2924i:

> The comprehensive statutory framework established to govern nonjudicial foreclosure sales is intended to be exhaustive. . . . It includes a myriad of rules relating to notice and right to cure. It would be inconsistent with the comprehensive and exhaustive statutory scheme regulating nonjudicial foreclosures to incorporate another unrelated cure provision into statutory nonjudicial foreclosure proceedings.

*Moeller v. Lien,* 25 Cal.App.4th 822, 834, 30 Cal.Rptr.2d 777 (1994).

Under California Civil Code section 2924(a)(1), a "trustee, mortgagee or beneficiary or any of their authorized agents" may conduct the foreclosure process. Under California Civil Code section 2924b(4), a "person authorized to record the notice of default or the notice of sale" includes "an agent for the mortgagee or beneficiary, an agent of the named trustee, any person designated in an executed substitution of trustee, or an agent of that substituted trustee." "Upon default by the trustor, the beneficiary may declare a default and proceed with a nonjudicial foreclosure sale." *Moeller*, 25 Cal.App.4th at 830, 30 Cal.Rptr.2d 777.

A "trustee or mortgagee may be liable to the trustor or mortgagor for damages sustained where there has been an illegal, fraudulent or wilfully oppressive sale of property under a power of sale contained in a mortgage or deed of trust." *Munger v. Moore*, 11 Cal.App.3d 1, 7, 89 Cal.Rptr. 323 (1970).

The complaint lacks facts of foreclosure irregularities or facts to support wrongful foreclosure to warrant dismissal of the fourth claim.

Turning to wrongful eviction, defendants note the absence of eviction without foreclosure.

A claim "for a threatened wrongful eviction is in reality an action for malicious prosecution, an essential element of which is a want of probable cause." *Asell v. Rodrigues*, 32 Cal.App.3d 817, 824, n. 3, 108 Cal.Rptr. 566 (1973) (citing *Gause v. McClelland*, 102 Cal.App.2d 762, 764, 228 P.2d 91 (1951)). A "complaint for malicious prosecution must allege malice, lack of probable cause and a favorable termination of the prior proceedings." *Scannell v. County of Riverside*, 152 Cal.App.3d 596, 611, 199 Cal.Rptr. 644 (1984).

The complaint alleges no facts approximating a malicious wrongful eviction to warrant dismissal of the fifth claim.

**Special And Punitive Damages**

The complaint's sixth claim is entitled "Special and Punitive Damages" and references several federal and California statutes on debt collection and foreclosure. The claim appears to seek special and punitive damages based on alleged violation of the statutes. None of the cited statutes support a claim against defendants for special or punitive damages. The complaint's mere mention of statutes gives rise to no claim to warrant dismissal of the sixth claim.

**Attempt At Amendment And Malice**

Mr. Butera's claims are insufficiently pled and barred as a matter of law. Mr. Butera is unable to cure his claims by allegation of other facts and thus is not granted an attempt to amend.

Moreover, this Court is concerned that Mr. Butera has brought this action in absence of good faith and that Mr. Butera exploits the court system solely for delay or to vex defendants. The test for maliciousness is a subjective one and requires the court to "determine the . . . good faith of the applicant." *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915); *see Wright v. Newsome*, 795 F.2d 964, 968, n. 1 (11th Cir. 1986); *cf. Glick v. Gutbrod*, 782 F.2d 754, 757 (7th Cir. 1986) (court has inherent power to dismiss case demonstrating "clear pattern of abuse of judicial process"). A lack of good faith or malice also can be inferred from a complaint containing untrue material allegations of fact or false statements made with intent to deceive the court. *See Horsey v. Asher*, 741 F.2d 209, 212 (8th Cir. 1984). An attempt to vex or delay provides further grounds to dismiss this action.

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court:

1. DISMISSES with prejudice this action against defendants;
2. DIRECTS the clerk to enter judgment against plaintiff Anthony Butera and in favor of defendants Countrywide Home Loans, Inc., Mortgage Electronic Registration Systems, Inc. and Recontrust Company, N.A.;
3. ORDERS Mr. Butera, no later than November 4, 2009, to file papers to show cause why this Court should not dismiss this action against defendant Fidelity National Title Co.;

and

4. **ADMONISHES Mr. Butera that this Court will dismiss this action against defendant Fidelity National Title Co. if Mr. Butera fails to comply with this order and fails to file timely papers to show cause why this Court should not dismiss this action against defendant Fidelity National Title Co.**

IT IS SO ORDERED.

Dated:   **October 26, 2009**                         **/s/ Lawrence J. O'Neill**
                                                     UNITED STATES DISTRICT JUDGE